**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
────────────────────────────────────

**DAVID CEPEDA,**

               Petitioner,         19-cv-2444 (JGK)

       - against -              **MEMORANDUM OPINION AND ORDER**

**ROBERT MORTON, JR.**

               Respondent.
────────────────────────────────────

**JOHN G. KOELTL, District Judge:**

    The petitioner has moved for a stay of his petition for habeas corpus to allow him to pursue a state court claim of ineffective assistance of appellate counsel. The petitioner alleges that his appellate counsel was ineffective because he failed to argue that the petitioner was denied effective assistance of trial counsel, who had not objected to the trial court's failure (1) to put on the record the contents of a jury note seeking clarification of the charges and (2) to reread the instruction on circumstantial evidence to the jury.

    A district court may not adjudicate a mixed petition of exhausted and unexhausted claims. See Rhines, 544 U.S. 269, 273 (2005) (citing Rose v. Lundy, 455 U.S. 509, 522 (1982)). When presented with a mixed petition, a district court may issue a stay and abeyance "to allow the petitioner to present his unexhausted claims to the state court in the first instance, and then to return to federal court for review of his perfected

petition." Id. at 271-72. The Court may stay a habeas petition with a mixture of exhausted and unexhausted claims to allow for exhaustion of claims in state court if the petitioner can demonstrate that: (1) good cause exists for failing to exhaust the claims previously, (2) the claims are potentially meritorious, and (3) the petitioner did not intentionally engage in dilatory litigation tactics. Id. at 277-78; Chambers v. Conway, No. 09CV2175, 2010 WL 2331974, at *1 (S.D.N.Y. June 9, 2010).

As an initial matter, the respondent acknowledges that all the claims in the original petition have been exhausted. Therefore, the petitioner's motion to stay is premature. Some courts have required petitioners to move to amend their petitions to add unexhausted claims before proceeding to analyze the new motion to stay under Rhines. See Madrid v. Ercole, No. 08-CV-4397, 2012 WL 6061004, at *1 (E.D.N.Y. Dec. 6, 2012) (collecting cases). This is unnecessary because, assuming that the petitioner's claim for ineffective assistance of appellate counsel were included in his petition, the petitioner's request for a stay would fail to meet the requirements of the Rhines test.[1]

---

[1] The respondent argues that the petitioner's claim for ineffective assistance of appellate counsel is time barred under AEDPA's one-year statute of limitations period. See 28 U.S.C. § 2244(d)(1)(A). In addition, the respondent argues that the petitioner's new claim would not relate back to the claims asserted in the original pleading, and thus the underlying habeas

2

In order to demonstrate ineffective assistance of counsel, a habeas petitioner must meet both prongs of the following two-part test established in Strickland v. Washington:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

466 U.S. 668, 687 (1984). Ultimately, a petitioner must show that the counsel's representation "fell below an objective standard of reasonableness." Id. at 688.

The respondent directs the Court to portions of the transcript in which the district court did read the jury note to establish a record of the jury's request: one time to the parties and then another time in the presence of the jury. The respondent explains that the district court then reinstructed the jury on the definitions and elements of the criminal charges, which was what the jury had requested. The jury had not requested a rereading of the circumstantial evidence instruction and the jury did not ask for further clarification when a rereading of the circumstantial evidence instruction was not

---

petition could not be amended pursuant to Federal Rule of Civil Procedure 15(c). If the petitioner's new claim were added to the underlying habeas petition, the petitioner's request for a stay would still fail under Rhines. Therefore, the Court need not address whether the new claim was actually time barred.

3

provided. Given these proffers, which the petitioner does not dispute, the petitioner has not shown that his appellate counsel was unreasonable in not arguing that trial counsel's failure to object constituted ineffective assistance of counsel. Thus, the petitioner has not shown that his claim for ineffective assistance of appellate counsel is potentially meritorious. The petitioner has also failed to show that there was good cause for his failure to pursue his claim of ineffective assistance of appellate counsel in state court before bringing his federal habeas petition. That would have avoided the possibility of piecemeal litigation and the delay that the petitioner now seeks.

The petitioner states that a stay would not prejudice the respondent because the respondent has not yet responded to the petitioner's federal petition. However, the respondent answered the petition on June 19, 2019. (Dkt. Nos. 7-10) and all that remains is for the petitioner to reply to the respondent's opposition. Therefore, staying the petitioner's federal habeas corpus petition would encourage the piecemeal adjudication process that Rhines meant to eliminate.

**CONCLUSION**

The Court has considered all of the arguments raised by the parties. To the extent not specifically addressed, the arguments are either moot or without merit. The petitioner's motion for a stay is **denied.** The respondent is instructed to mail a copy of its opposition to the underlying habeas corpus petition, filed on June 19, 2019, to the petitioner. The petitioner may reply to the respondent's opposition to the petition for habeas corpus by **February 10, 2020.** The Clerk is directed to close Docket Number 16.

**SO ORDERED.**

**Dated:    New York, New York
           December 26, 2019              /s/ John G. Koeltl
                                          John G. Koeltl
                                          United States District Judge**